UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OSCAR LOPEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 2:07cv291 |
| ) | |
| JOHN J. WIDUP, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

On August 31, 2007, plaintiff Oscar Lopez ("Lopez"), filed a complaint under 42 U.S.C. § 1983, alleging that jail conditions at the Porter County Jail violated his federally protected rights. The court screened the complaint pursuant to 28 U.S.C. § 1915A, allowed Lopez to proceed against defendant John J. Widup ("Widup") on his Fourteenth Amendment claim that he was required to sleep on the floor for thirty-five days, and dismissed the United States Marshal Service and all other claims.

Widup filed a motion to dismiss, asserting that Lopez had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Because Widup's motion goes beyond the pleadings, the Court advised the parties that it would treat his motion to dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

> Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to

interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most
> favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts."*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez*, 182 F.3d at 534.

In support of his summary judgment motion, Widup submits his affidavit, a copy of the Porter County Jail grievance policy, and materials from the Plaintiff's jail file. Widup's submissions establish that the Porter County Jail has had a grievance procedure in effect while the Plaintiff has been housed there, and that the claims he presents in his complaint were grievable. Defendant Widup states in his affidavit that the jail's records show that the Plaintiff "never filed a grievance regarding sleeping conditions at Porter County Jail." (Widup

Aff. at ¶ 8.)

Because Widup met his initial obligation under Federal Rule of Civil Procedure 56, the burden fell upon Lopez to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a fact finder to decide in his favor the question of whether he attempted to grieve the claims he raises in his complaint. *Celotex Corp.*, 477 U.S. at 317. Although Widup provided Lopez with an extensive warning, pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing the dispositive motion, Lopez has not responded. Because he has not come forth with admissible evidence demonstrating that he filed a grievance regarding sleeping conditions, Lopez has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a fact finder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the Court GRANTS Defendant Widup's motion for summary judgment (DE 9), and DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

Entered: March 20, 2008.

s/ William C. Lee
William C. Lee, Judge
United States District Court